UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RALPH E. JONES,** | ) | CASE NO. 1:03CR486 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

This matter is before the Court upon Petitioner Ralph E. Jones' ("Petitioner") "Emergency Request for relief from his current federal sentence pursuant to federal rule(s) of civil procedure, rule 60(b)(6)." (Dkt. # 504).

**I. BACKGROUND**

Petitioner filed the instant motion on November 21, 2007, seeking an eight-month reduction in his sentence of imprisonment to account for the time between February 2004 and October 2004, during which he was taken from state custody into federal custody, pursuant to a writ of habeas corpus ad prosequendum (Dkt. # 93), pending completion of the federal case. (Dkt. # 504).

In an order of December 13, 2007, the Court declined to address the merits of Petitioner's motion, and instead advised Petitioner that, in order to review the merits, the Court must recharacterize the motion as a petition for habeas corpus relief under 28 U.S.C. § 2255. (Dkt. # 508); see Castro v. United States, 540 U.S. 375, 383 (2003); Woody v. Marberry, 178 Fed. Appx. 468, 472-73 (6th Cir. 2006). In addition, the Court

1

advised Petitioner that such recharacterization may have adverse consequences, particularly with regard to the rules against second or successive habeas petitions. The Court further noted that § 2255 claims are subject to a one-year statute of limitations.

Having fully advised Petitioner of the need to recharacterize his Motion for Sentence Adjustment, and having made clear the consequences of doing so, the Court provided Petitioner an opportunity to withdraw or amend his motion, or to consent to the Court's recharacterization of the motion. (Dkt. # 508 at 3). Petitioner was given thirty (30) days from the date of the Order in which to advise the court as to how he wished to proceed. Petitioner was further advised that if he failed to respond as ordered, the Court "will find that Petitioner has consented to the recharacterization and will rule on the merits of the habeas petition." (Dkt. # 508 at 3).

Petitioner has failed to respond to the Court's order within the thirty days provided. Therefore, the Court finds that Petitioner has consented to the recharacterization of his Motion for Sentence Adjustment as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2255.

## II. LAW AND ANALYSIS

As the Court advised Petitioner in its December 13, 2007, order, § 2255 petitions are subject to a one-year statute of limitations. A § 2255 claim brought later than one year after the date on which the judgment of conviction becomes final will be dismissed unless Petitioner establishes grounds for equitable tolling. 28 U.S.C. § 2255; Sanchez-Castellano v. United States, 358 F.3d 424, 426-27 (6th Cir. 2004). In the instant matter, the statute of limitations for filing a § 2255 petition expired on October 17, 2005. See

Sanchez-Castellano, 358 F.3d at 426-27.  Any § 2255 petition submitted after that date must be dismissed as untimely unless Petitioner establishes grounds for equitable tolling.

Petitioner filed his Motion for Sentence Adjustment on November 21, 2007, more than two years after the limitations period had expired.  (Dkt. # 504).  Having failed to respond to the Court's December 13, 2007, order, Petitioner has not established grounds for equitable tolling.  Therefore, Petitioner's § 2255 claims are barred by the statute of limitations.

### III. CONCLUSION

Petitioner's Motion for Sentence Adjustment is hereby recharacterized as a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.  Because it is barred by the one-year statute of limitations, the petition is **DISMISSED**.  (Dkt. # 504).

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c);  Fed.R.App.P. 22(b).

**IT IS SO ORDERED.**

**/s/ Peter C. Economus – April 2, 2008**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**